UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONY JOSEPH TABOR                      CIVIL ACTION NO. 17-cv-0907

VERSUS                                 JUDGE FOOTE

JERRY GOODWIN, ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff is a self-represented inmate housed at the David Wade Correctional Center. He alleges that he was subjected to excessive force involving chemical spray. Defendants have filed a Motion to Dismiss (Doc. 20) on the grounds that Plaintiff did not exhaust his administrative remedies before filing suit.

The undersigned recently addressed a similar motion to dismiss filed by David Wade defendants in <u>Thomas v. Goodwin</u>, 2018 WL 1613794 (W.D. La. 2018) (16-cv-1593, Doc. 24). The court explained that, contrary to arguments in the motion, the lack of exhaustion is not jurisdictional, and Rule 12(b)(6) is rarely a proper method for a defendant to raise the affirmative defense of lack of exhaustion. The Fifth Circuit has also stated that the court may not require a prisoner to plead facts in his complaint related to exhaustion, so this prisoner's use of an old complaint form that predates that change in the law is not a sound basis for the motion to dismiss.

The proper method of raising the affirmative defense is to file a motion for summary judgment that is supported by an affidavit from the official who administers the ARP system. That official should testify about the existence and terms of the ARP plan in place

at the relevant time, attach certified copies of any filing that the prisoner made (together with responses thereto) or certify that a diligent check of the record revealed no filing by the prisoner with respect to the claims at issue.

Defendants will be allowed until **August 22, 2018** to elect to file a properly supported motion for summary judgment in place of their motion to dismiss. If the motion for summary judgment is filed, the motion to dismiss will be denied without prejudice, and briefing will be allowed with respect to the motion for summary judgment. If Defendants take no action before that time, the court will proceed with the motion to dismiss and likely recommend that it be denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of August, 218.

Mark L. Hornsby
U.S. Magistrate Judge