UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONY JOSEPH TABOR #478277                   CIVIL ACTION NO. 17-cv-0907

VERSUS                                      JUDGE ELIZABETH E. FOOTE

JERRY GOODWIN, ET AL.                       MAGISTRATE JUDGE HORNSBY

## **MEMORANDUM ORDER**

Now before the Court is a Motion by pro se Plaintiff Tony Tabor ("Plaintiff") to Alter a

Judgment pursuant to Federal Rule of Civil Procedure 59(e). [Record Document 74]. For the

reasons discussed below, this motion is **DENIED**.

Plaintiff was an inmate housed at David Wade Correctional Center when, he alleges,

Defendant Major Rodrick Malcolm ("Malcolm") twice wrongfully sprayed him with a chemical

agent. Record Document 71, p. 1. Plaintiff brought claims under 42 U.S.C. § 1983 against Malcolm

and several other prison and state officials, alleging violations of his First and Eighth Amendment

rights. Record Documents 13, p.1; 77, p. 1. Malcolm, the last defendant remaining in the case,

filed a motion for summary judgment on April 5, 2019. Record Document 69. Plaintiff did not file

an opposition. Magistrate Judge Hornsby issued a Report and Recommendation ("R&R")

recommending that Malcolm's motion should be granted. Record Document 71, p. 6. Plaintiff did

not file an objection to the R&R. The Court then granted the motion for summary judgment and

ordered the Clerk of Court to close this case. Record Document 73. Plaintiff filed the instant motion

the following day. Record Document 74.

Plaintiff states that he was under the care of a doctor on May 24, 2019, and therefore could

not comply with the instructions in the R&R issued on May 1, 2019, to file written objections

within 14 days of being served with the R&R. *Id.* In another filing requesting an extension of time to file an objection, Plaintiff states that he was under a doctor's care from April 10 through August 12, 2019, during which time he could not read, write, or think clearly because of a head injury and could not write because of a cut on his lower arm. Record Document 75. The Court agrees that such injuries would seem to prevent Plaintiff from timely filing an opposition to the motion for summary judgment and/or an objection to the R&R. Although Plaintiff provides no evidence to support his claim that he was too ill to file timely responses, the Court will accept this claim as true for the purposes of this motion and evaluate Plaintiff's opposition as if it had been timely filed.

After reviewing Plaintiff's opposition, the Court finds that it contains no argument or evidence justifying a departure from the Court's previous order granting Malcom's motion for summary judgment and closing this case. Record Document 73. Plaintiff asserts that "policy clearly states that the [chemical agent] should only be used when [Plaintiff] is of [sic] a physical danger to himself or to others." Record Document 77, p. 1. However, Plaintiff does not provide the Court with any additional information regarding this alleged policy or any citation to the policy itself. Plaintiff also cites some case law that raises questions as to whether Malcolm was justified in spraying Plaintiff with a chemical agent. *Id.* at 2; *see Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) ("The law recognizes that order and discipline are important in running a correctional institution, but that does not authorize the arbitrary use of force, nor does it justify punitive use of force on difficult inmates not posing a real threat to other persons or raising security concerns.") (internal citations omitted). Although relevant, this case law is not enough to overcome Malcolm's qualified immunity defense.

Malcolm argues that he is entitled to qualified immunity because Plaintiff has failed to allege any specific acts by Malcolm that violated Plaintiff's clearly established constitutional rights. Record Document 69-3, p. 4. When a government official such as Malcolm asserts qualified immunity as a defense, the plaintiff is then responsible for rebutting that defense by establishing that the official's alleged conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). In his opposition, Plaintiff does not rebut the defense of qualified immunity. Instead, Plaintiff argues that qualified immunity does not apply to this case because he is suing Malcolm in his official capacity. Record Document 77, p. 2. Therefore, because Plaintiff has failed to respond to Malcom's qualified immunity defense, the Court will not alter its judgment granting Malcolm's motion for summary judgment and closing this case. *See* Record Document 73.

**IT IS ORDERED** that Plaintiff's Motion to Alter Judgment [Record Document 74] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Record Document 79] is hereby **DENIED as moot**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the ___13th___ day of January, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE